Bertha ESCOBAR–CORADO, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–76543.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007 *.

Filed April 20, 2007.

Bertha Escobar–Corado, Modesto, CA, pro se.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, William C. Peachey, Jonathan F. Potter, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: O'SCANNLAIN, GRABER, and CLIFTON, Circuit Judges.

## MEMORANDUM **

Bertha Escobar–Corado, a native and citizen of El Salvador, petitions pro se for review of the Board of Immigration Appeals' ("BIA") opinion which summarily affirmed the Immigration Judge's ("IJ") denial of her application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. Where, as here, the BIA affirms without an opinion, we review directly the IJ's decision. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849 (9th Cir.2003). We review for substantial evidence and may reverse only if the evidence compels such a result. *See INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition for review.

Substantial evidence supports the IJ's finding that Escobar–Corado failed to establish a well-founded fear of future persecution based on a protected ground. *See Rostomian v. INS,* 210 F.3d 1088, 1089 (9th Cir.2000) (concluding that petitioners had failed to demonstrate a well-founded fear of future persecution because petitioners only showed that general animosity and hostility still existed in their native country).

Because Escobar–Corado did not establish eligibility for asylum, it follows that she did not satisfy the more stringent standard for withholding of removal. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir. 2003).

## PETITION FOR REVIEW DENIED.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

